IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-389-M-BN |
| | § | |
| TAVIN SPIKES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING STAY
PENDING RULING ON MOTION TO DISMISS**

On February 3, 2015, after the Court adopted the undersigned United States magistrate judge's recommendation that Defendant's motion for summary judgment on the his affirmative defense of qualified immunity be denied, on February 2, 2015, *see* Dkt. Nos. 26 & 28, the Court entered an order – pursuant to the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rules of Civil Procedure 16(b) and 26(f) – requiring the parties to meet and confer no later than February 27, 2015 and then file no later than March 17, 2015 a joint status report and proposed scheduling plan, *see* Dkt. No. 30.

On February 20, 2015, however, Defendant moved to dismiss Plaintiff's complaint, *see* Dkt. No. 31, on the basis that Plaintiff lacks standing to pursue his claim against his parole officer – the sole defendant – under Article III, *see id.* at 3; *see also Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989) (Article III, or constitutional, standing is a required element of subject matter jurisdiction). Plaintiff

has been ordered to respond to the motion no later than March 24, 2015, and Defendant has been given leave to file a reply no later than April 7, 2015. *See* Dkt. No. 32.

On March 4, 2015, Defendant, on behalf of Plaintiff, who is proceeding *pro se*, filed the joint status report, *see* Dkt. No. 33, and through that filing requests that, "[b]ecause of the pendency of Defendant's dispositive motion," the Court wait to enter a "scheduling order regarding discovery and motions for summary judgment," asserting that such an order "is not necessary at this time," *id.* at 4 (further providing that, "[s]hould Plaintiff's claims survive beyond Defendant's motion to dismiss, counsel will immediately confer with Plaintiff regarding proposed scheduling.").

Control of discovery is committed to this Court's sound discretion, *see generally Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009), which includes the discretion to stay discovery "for good cause shown," FED. R. CIV. P. 26(c)(1); *see generally Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (the stay of a pending matter is within this Court's wide discretion to control the course of litigation, including authority to control the scope and pace of discovery, and is based on the a court's general discretionary power to stay proceedings before it in control of its docket and in the interests of justice).

As this Court has noted before, "no federal rule, statute, or binding case law applies [ ] to automatically stay discovery pending a ruling on ... a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss[, the filing of which also] does not

automatically require postponing a Rule 26(f) conference until the motion is resolved." *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).

But Defendant's motion is not brought under Rule 12(b)(6). Instead, through his motion to dismiss – presumably filed pursuant to Federal Rule of Civil Procedure 12(b)(1) – Defendant asserts that the Court lacks jurisdiction over – that is, the power to consider – this dispute.

Indeed, a federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case," *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

For this reason – Defendant's apparently good-faith assertion that there is no federal jurisdiction – and under the particular circumstances presented in this case, the Court will stay these proceedings except as to consideration of the pending motion to dismiss for lack of subject matter jurisdiction – and will not set pretrial deadlines for, among other things, discovery and motions for summary judgment – until the Court rules on the pending motion. *See Grammar v. Colorado Hosp. Ass'n Shared Servs., Inc.*, No. 2:14-cv-1701-RFB-VCF, 2015 WL 268780, at *2 (D. Nev. Jan. 21, 2015)

("Although the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially jurisdictional motion is pending, Rule 26(c)(1) states that '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' This includes the power to stay discovery. Typical situations in which a discovery stay is appropriate include motions that raise issues of jurisdiction, venue, or immunity." (citing *TradeBay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)) (other citation omitted)); *cf. Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion."). If Plaintiff believes that he needs specific discovery to enable him to respond to Defendant's pending motion to dismiss, he should file a motion identifying the specific discovery that he believes he needs to respond to the motion to dismiss. *Cf.* Fed. R. Civ. P. 56(d); *Enplanar, Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088, at *2 (5th Cir. June 2, 1994) (table).

    SO ORDERED.

    DATED: March 4, 2015

    _____
    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE