IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOEL WHITE,                              §
                                         §
        Plaintiff,                       §
                                         §
V.                                       §          No. 3:14-cv-389-M-BN
                                         §
TAVIN SPIKES,                            §
                                         §
        Defendant.                       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b). Defendant Tavin Spikes has

moved for dismissal because he asserts that Plaintiff Joel White lacks jurisdictional

standing and that Defendant is entitled to immunity under the Eleventh Amendment

of the United States Constitution. *See* Dkt. No. 31. Plaintiff has filed a response. *See*

Dkt. No. 35.

The undersigned now issues the following findings of fact, conclusions of law,

and recommendation.

**Background**

On January 31, 2014, Plaintiff, proceeding *pro se* and *in forma pauperis*, *see* Dkt.

No. 7, filed this civil rights action against his parole officer, Defendant Spikes, alleging

that his civil rights are being violated because he is required to attend a religious-

based substance abuse program as a condition of his parole, *see* Dkt. No. 2.

Plaintiff alleges that, as a condition of his parole, he "agreed to participate in a substance abuse treatment program" and that, in 2013, he "attended Overcomers Substance Abuse Treatment about 9 or 10 times" and "realize[d] Overcomers is teaching Christianity." *Id.* at 1. Plaintiff further alleges that, as part of the program, he has had to recite The Lord's Prayer. *See id.*

Plaintiff states that he wrote to the Texas Board of Pardons and Parole (the "BPP") to complain. *See id.* at 1-2. Plaintiff attaches to his complaint the BPP's November 18, 2013 response to his November 4, 2013 letter, *see id.* at 3, which in substance provides:

> This basis for your letter appears to be the contention that the [BPP] is requiring you to attend a religious based substance abuse treatment program. Please be advised that BPP does not specify a particular program that an offender must attend to be in compliance with the conditions of release. Your parole officer should work closely with you to place you in a particular program. Parole Officers do not fall under BPP, they are part of the Texas Department of Criminal Justice (TDCJ).
>
> If you feel you are being required to attend a religious based program that may be in contrast to your beliefs then your parole officer is the person you need to speak with about attending a different program. I am forwarding your letter and my response to the appropriate parties within the TDCJ-Parole Division so that they may be aware of your concerns.

*Id.*

Plaintiff alleges that, when he presented the letter to Defendant, Defendant told him that the letter had nothing to do with Overcomers and that, if Plaintiff did not attend the program, Defendant would "write eight violations on [him]." *Id.* at 2. Plaintiff then states that it is his belief that Defendant "is using his authority to force me to attend a Christianity program." *Id.*

Because Plaintiff did not specify in his complaint the relief that he is requesting from the Court, the undersigned sent a single interrogatory to him on May 5, 2014, requesting that he "identify the relief that [he is] seeking in this lawsuit, that is, the result that [he is] trying to achieve with this suit." Dkt. No. 11. His verified response, received May 14, 2014, is, in full: "I am request[ing] the Court [to] discontinue my parole and termina[te] all retribution to Texas Department of Criminal Justice, Parole Division." Dkt. No. 14; *see also Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) ("Responses to [questionnaires] become part of the plaintiff's pleadings." (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

The undersigned now concludes that Defendant's motion to dismiss should be granted but that Plaintiff should be given 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint. If, however, Plaintiff fails to do so, the case should be dismissed with prejudice without further notice.

## Legal Standards

"Federal courts are courts of limited jurisdiction," *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998), and "must presume that a suit lies outside this limited jurisdiction," which therefore means that "the burden of establishing federal jurisdiction rests on the party seeking the federal forum," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In his motion, Defendant asserts that "Plaintiff lacks standing to pursue his claim against his parole officer" under Article III. *See* Dkt. No. 31 at 3. Article III – or

constitutional – standing is a required element of subject matter jurisdiction. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Where, as here, a defendant files a motion asserting plaintiff "lacks Article III standing," it "is an attack on a court's subject matter jurisdiction over that party," appropriately addressed under Rule 12(b)(1). *Peterson v. Dallas Indep. Sch. Dist.*, No. 3:08-cv-1191-M, 2008 WL 4830365, at *3 (N.D. Tex. Nov. 7, 2008) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986); *Chair King, Inc. v. Houston*

-4-

*Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997)). Such an attack is presumptively "facial," and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

Ultimately, the Court will grant "a motion under 12(b)(1) only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010 (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)).

## Analysis

The basis of Defendant's motion is that Plaintiff cannot sue him in either his individual or official capacity because, in either capacity, Defendant is powerless to provide the relief Plaintiff requests: to be released from parole. *See* Dkt. No. 31 at 3-4. Defendant argues that he "has no authority at all in his individual capacity over his official functions as a state official" and that a suit against him in his official capacity is barred by state sovereign immunity. *See id.* at 3.

There is, however, "[o]ne narrow caveat to state sovereign immunity" – "the doctrine, first enunciated in *Ex Parte Young*, 209 U.S. 123 (1908), that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief" against state officials to prevent a continuing violation of federal law because such conduct is not considered to be state action." *Emmons v. City Univ. of N.Y.*, 715 F.

Supp. 2d 394, 406-07 (E.D.N.Y. 2010) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985);

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984)) (internal

quotation marks omitted); *see also Verizon Md., Inc. v. Public Serv. Comm'n of Md.*,

535 U.S. 635, 645 (2002) ("In determining whether *Young*'s exception to sovereign

immunity applies, a court need only conduct a 'straightforward inquiry into whether

[the] complaint alleges an ongoing violation of federal law and seeks relief properly

characterized as prospective.'" (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S.

261, 296 (1997))).

But Defendant also argues that, even if this exception to Eleventh Amendment

immunity exists, "Plaintiff must first demonstrate that he meets the elements of

Article III standing." Dkt. No. 31 at 3.

> To establish Article III standing, a plaintiff must show "an injury-in-fact
> caused by a defendant's challenged conduct that is redressable by a
> court." *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010). For a plaintiff's
> claim to be redressable, it must be "likely, as opposed to merely
> speculative, that a favorable decision will redress the plaintiff's injury."
> *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252
> F.3d 781, 788 (5th Cir. 2001). "[A] plaintiff satisfies the redressability
> requirement when he shows that a favorable decision will relieve a
> discrete injury to himself. He need not show that a favorable decision will
> relieve his *every* injury." *LeBlanc*, 627 F.3d at 123 (alteration in original)
> (quoting *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982)).

*Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427,

432 (5th Cir. 2014) (en banc) (internal citation modified).

Defendant's argument for dismissal thus turns on the interrelationship between

(1) the redressability required to obtain Article III standing and (2) the connection

between a state officer and the enforcement of the disputed act that a plaintiff must

show in order to utilize the *Ex parte Young* exception to state sovereign immunity. *See K.P.*, 627 F.3d at 124 ("The connection requirement exists to prevent litigants from misusing the exception. There are plenty of state actors. A plaintiff must show that the defendant state actors 'have the requisite 'connection' to the statutory scheme to remove the Eleventh Amendment barrier to suits brought in federal court against the State.'" (quoting *Okpalobi v. Foster*, 244 F.3d 405, 410-11 (5th Cir. 2001) (en banc))); *see also Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013) ("Whether [state] officials are, in their official capacities, proper defendants in [a] suit is really the common denominator of two separate inquiries: first, whether there is the requisite causal connection between their responsibilities and any injury that the plaintiffs might suffer, such that relief against the defendants would provide redress [i.e., Article III standing]; and second, whether ... jurisdiction over the defendants is proper under the doctrine of *Ex parte Young*, which requires 'some connection' between a named state officer and enforcement of a challenged state law." (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004))); *Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 159 (5th Cir. 2007) ("*Young* requires that '[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, ... such officer must have some connection with the enforcement of the act, or else it is merely making ... the state a party.' [For example, in *Okpalobi*, b]ecause neither the authority of the Louisiana Governor nor Attorney General extended to enforcing the provision challenged by the [ ] plaintiffs, the Eleventh Amendment remained a bar to the suit. [There, the] standing analysis was thus limited

to an examination of whether causation and redressability could be linked to the enforcement connection the Governor and Attorney General had with the statute." (quoting *Young*, 209 U.S. at 157; discussing *Okpalobi*, 244 F.3d at 426-27)).

In the action before the Court, as currently plead, the only prospective injunctive relief sought from the only state official whom Plaintiff has named – his individual parole officer – is the discontinuation of Plaintiff's parole. But, as a matter of law, Defendant, as an individual parole officer, is without the authority to grant the relief Plaintiff seeks. *See* TEX. GOV'T CODE ANN. § 508.0441(a) ("Board members and parole commissioners" – not individual parole officers – "shall determine" "which inmates are to be released on parole or mandatory supervision"; "conditions of parole or mandatory supervision, including special conditions"; "the modification and withdrawal of conditions of parole or mandatory supervision"; "which releasees may be released from supervision and reporting"; and "the continuation, modification, and revocation of parole or mandatory supervision."); *see also McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App. – Houston [1st Dist.] 1999, pet. struck) ("The authority to place conditions on a defendant's parole is solely within the purview of the Board of Pardons and Parole." (citations omitted)); *Rollins v. Haley*, No. 3:05 CV 1207 D, 2006 WL 2329384, at *5 (N.D. Tex. Aug. 10, 2006) ("By statute, [Parole Officer] Haley lacks the authority to place any conditions upon Plaintiff's parole." (citing TEX. GOV'T CODE ANN. § 508.0441(a)(2))).

Therefore, this action, as currently pled, lacks the requisite "congruence or fit between the plaintiff and the defendant," that Article III standing requires. *Scott v.*

-8-

*Taylor*, 405 F.3d 1251, 1259 (11th Cir. 2005)(Jordan, J., concurring) ("Standing ... concerns the congruence or fit between the plaintiff and the defendants.... Thus, in a suit against state officials for injunctive relief, a plaintiff does not have Article III standing with respect to those officials who are powerless to remedy the alleged injury."); *see also Okpalobi*, 244 F.3d at 426-27 ("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in this court.... [A] state official cannot be enjoined to act in any way that is beyond his authority to act in the first place."); *McDaniel v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 887, 892-93 (N.D. Ill. 2013) ("[W]here, as here, a plaintiff seeks an injunction against a defendant, he or she must demonstrate that the defendant to be enjoined has the authority to effectuate the injunction... Indeed, if a defendant does not have the authority to carry out the injunction, a plaintiff's claims for injunctive relief must be dismissed ...." (collecting cases)); *cf. Decker v. McDonald*, No. 5:09cv27, 2010 WL 1424322, at *8 (E.D. Tex. Jan. 11, 2010), *rec. adopted*, 2010 WL 1424292 (E.D. Tex. Apr. 7, 2010) ("The Defendants in this case likewise focused on the redressability requirement with respect to them. They correctly noted that Plaintiff has not shown that any of them, in their official capacities, have the authority in their respective official capacities to provide the kind of injunctive relief that he has requested. He has presented nothing more than vague requests for injunctive relief without showing that any of the them are in a position to grant such relief. The Defendants are entitled to summary judgment with respect to the Plaintiff's request for prospective injunctive relief.").

Simply put, because Plaintiff has sued a state official that is powerless to redress the prospective injunctive relief that he seeks, Plaintiff lacks Article III standing. and Texas's Eleventh Amendment immunity remains a bar to this action.

**Recommendation**

The Court should grant Defendant's motion to dismiss. But the Court also should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE